IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RICHARD FEAZELL, #B67941,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–1529−SMY |
| | ) | |
| **UNITED STATES,** | ) | |
| **FEDERAL BUREAU OF** | ) | |
| **INVESTIGATION,** | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **JUSTICE,** | ) | |
| **M. HARTFORD,** | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| **PINCKNEYVILLE CORRECTIONAL** | ) | |
| **CENTER, and** | ) | |
| **OFFICER SHANKLIN,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Richard Feazell, an inmate at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Specifically, Plaintiff claims the defendants deprived him of due process and defamed him by classifying him as a gang member in violation of the Fourteenth Amendment and Illinois law. (Doc. 26). This case is now before the Court for a preliminary review of the Fourth Amended Complaint,[1] pursuant to 28 U.S.C. § 1915A.

---

[1] Plaintiff labeled the Fourth Amended Complaint "A Complaint" and "The Legal Omnibus Motion." (Doc. 26, pp. 1-2). He notes on the first page of the filing that the Court should consider it as the applicable complaint in this action, in response to this Court's Order at Doc. 22. (Doc. 26, p. 1). Thus, the Court will disregard the allegations in Docs. 1, 7, and 16, and will conduct a § 1915A review of the document labeled "Fourth Amended Complaint" in CM-ECF.

1

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Fourth Amended Complaint

Plaintiff makes the following relevant allegations in the Fourth Amended Complaint (Doc. 26): prior to 2007, while Plaintiff was incarcerated at Pinckneyville, Defendant Shanklin[2] confiscated a piece of paper from Plaintiff with a list of other inmates' names. (Doc. 26, p. 9). Plaintiff was then classified as a Traveler Vice Lord and member of the STG gang in the computer. *Id.* A disciplinary ticket was not written about the incident, and the "Department of Corrections never investigated the report." (Doc. 26, p. 10). Now, Plaintiff has a "Security Threat Group" called the "Traveler Vice Lord Street Gang and Nation" on his "prison, city, state, interstate, federal, and Department of Justice database records." *Id.*

Also in 2007, during a meeting with the Federal Bureau of Investigation, Plaintiff was informed that he was classified as a Traveler Vice Lord. *Id.* Defendant Hartford, an FBI agent, "continued to promote and communicate the dangerous defamatory statement" that Plaintiff is a Traveler Vice Lord in writing and on the computer. (Doc. 26, p. 11). The United States Justice

---

[2] Plaintiff also refers to Defendant Shanklin as Officer Shaklin in the Fourth Amended Complaint. The Court recognizes that these names represent the same individual.

Department has communicated this information. *Id.*

Plaintiff requests monetary damages and permanent injunctive relief. (Doc. 26, pp. 20-21).

**Discussion**

Based on the allegations of the Fourth Amended Complaint, the Court finds it convenient to divide the *pro se* action into 2 Counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** Defendants violated Plaintiff's due process rights by classifying him as a Traveler Vice Lord, placing him in a Security Threat Group, and disseminating this information through databases and other records without due process in violation of the Fourteenth Amendment.
>
> **Count 2 –** Defendants defamed Plaintiff by classifying him as a Traveler Vice Lord, placing him in a Security Threat Group, and disseminating this information through various databases and other records.

As detailed below, both Counts will be dismissed. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[3]

**The Defendants**

Plaintiff cannot bring his claims against the Illinois Department of Corrections ("IDOC") or Pinckneyville because IDOC, as a state agency, is not a "person" that may be sued under § 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). Nor can Plaintiff cannot maintain a suit for damages against Pinckneyville, as it is a division of IDOC.

---

[3] Both Counts of the Complaint implicate the two-year statute of limitations applicable to § 1983 cases in Illinois. See *Kalimara v. Ill. Dep't of Corrs.*, 879 F.2d 276 (7th Cir. 1989). However, the Court will not address the issue at this time because the Fourth Amended Complaint is subject to dismissal regardless.

Similarly, Plaintiff cannot bring a claim against the Federal Bureau of Investigation, the United States Department of Justice, or the United States. Both the Federal Bureau of Investigation and the Department of Justice share the sovereign immunity of the United States.

The Supreme Court recognizes an implied federal right of action against federal officials for claims of deprivation of constitutional rights under color of federal authority. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, the right of action recognized in *Bivens* is limited to claims against individual federal officers and does not extend to federal agencies. *FDIC v. Meyer*, 510 U.S. 471 (1994). Federal agencies may be sued only to the extent that the sovereign immunity of the United States has been waived. The Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (FTCA), provides a limited waiver of sovereign immunity for tort claims, but requires exhaustion of administrative remedies, 28 U.S.C. § 2675. Plaintiff does not allege that he has complied with the prerequisites of the FTCA, and even if he had, the only proper defendant in an FTCA action is the United States. *See Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008).

For these reasons, IDOC, Pinckneyville, the Federal Bureau of Investigation, and the United States Department of Justice will be dismissed from this action with prejudice, and the United States will be dismissed without prejudice.

### Count 1 – Due Process

Plaintiff has no viable claim under 42 U.S.C § 1983 with respect to his security classification. It is well-settled that prison inmates do not have a protected interest in a particular security classification. *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property [interests] in their classifications and prison assignments." (citing *Montanye v. Haymes*, 427 U.S. 236 (1976))). As the Supreme Court has explained, an

inmate's cognizable liberty interests "will be generally limited to freedom from restraint which ... imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). Here, Plaintiff has not explained how, if at all, his classification as a Traveler Vice Lord and membership in a Security Threat Group has otherwise deprived him of a liberty interest. For example, did the classification cause him to be confined in segregation in unusually harsh conditions for lengthy periods of time? Without including such information in the Complaint, Plaintiff has not stated a due process claim upon which relief may be granted, and Count 1 will be dismissed.

**Count 2 –Defamation**

A federal district court that has original jurisdiction over a § 1983 claim will also have supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). However, when all federal claims are dismissed by the district court, "the usual practice is to dismiss without prejudice state supplemental claims[.]" *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). There is no reason for This Court to depart from the usual practice. Accordingly, as Count 1 will be dismissed, Plaintiff's defamation claim in Count 2 will also be dismissed without prejudice to Plaintiff attempting to bring the claim in state court. Nothing in this Order shall be construed as a comment on the merits or timeliness of the defamation claim.

**Pending Motions**

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 18) is **DENIED** as moot, as Plaintiff was given leave to proceed *in forma pauperis* on July 18, 2018. (Doc. 6).

Plaintiff's Motion for Recruitment of Counsel (Doc. 19) is also **DENIED** without prejudice. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication whether Plaintiff has attempted to obtain counsel on his own, or has been effectively precluded from doing so. Because Plaintiff has not made this showing, the Court finds that Plaintiff has not made a reasonable attempt to find counsel. Therefore, Plaintiff's motion for the appointment of counsel is **DENIED** without prejudice.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 20) is **DENIED** as moot. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process.

Plaintiff's Omnibus Motions at Docs. 23 and 24 are **DENIED** as moot. Plaintiff followed these Motions with the Fourth Amended Complaint, filed on September 10, 2018. (Doc. 26). In the document, he notes that the Court should consider it as the applicable complaint in this action, in response to this Court's Order at Doc. 22. (Doc. 26, p. 1). Docs. 23 and 24 were mooted with Plaintiff's identification of the applicable complaint.

## Disposition

**IT IS HEREBY ORDERED** that the Fourth Amended Complaint (Doc. 26), **COUNTS 1** and **2**, and Defendants **UNITED STATES**, **HARTFORD**, and **SHANKLIN** are **DISMISSED** without prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that Defendants **IDOC**, **PINCKNEYVILLE**, **FEDERAL BUREAU OF INVESTIGATION**, and **UNITED STATES DEPARTMENT OF JUSTICE** are **DISMISSED** from this action with prejudice for the reasons stated herein.

Plaintiff is **GRANTED** leave to file a "Fifth Amended Complaint" on or before **October 31, 2018.** Should Plaintiff fail to file his Fifth Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) as Plaintiff has thus far failed to state a claim upon which relief may be granted with respect to this case.

Should Plaintiff decide to file a Fifth Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Fifth Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-1529-SMY). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to Plaintiff's defamation and due process claims will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the Fourth Amended Complaint. Thus, the Fifth Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The Fifth Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a Fifth Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: October 3, 2018**

<u>s/ STACI M. YANDLE</u>
**U.S. District Judge**