**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RICHARD FEAZELL, #B67941, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–1529−SMY |
| | ) | |
| USA, | ) | |
| M. HARTFORD, | ) | |
| OFFICER SHANKLIN, | ) | |
| WARDEN LOVE, | ) | |
| AMY HILL, | ) | |
| M. LYNN and | ) | |
| MAJOR LAWLESS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter is before the Court for consideration of the Fifth Amended Complaint filed by Plaintiff Richard Feazell pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80. (Doc. 32). Plaintiff brings this action asserting deprivations of his rights resulting from his classification as a gang member by officials at Pinckneyville Correctional Center ("Pinckneyville"). *Id*. He seeks money damages and injunctive relief. (Doc. 32, p. 20).

The Fifth Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner Complaints and to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). This includes any portion of the Complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**The Fifth Amended Complaint**

Plaintiff makes the following allegations in the Fifth Amended Complaint: In 2005, Plaintiff was erroneously classified as a Traveler Vice Lord and placed in a security threat group ("STG") when Officer Shanklin entered this information into the computer database at Pinckneyville. (Doc. 32, pp. 2, 5, 11, 18). Gang Unit Officer Lynn was aware of the classification at the time. (Doc. 32, p. 18). Plaintiff learned of the error less than two years later, when the chaplain informed him that he was classified as a gang or mob member. (Doc. 32, pp. 10, 18-19). Plaintiff was placed in investigative segregation twice but never interviewed or issued a disciplinary ticket. *Id.*

Plaintiff's erroneous classification was disseminated nationwide via prison, city, state, and federal records databases. (Doc. 32, pp. 11-12, 18-19). Plaintiff blames F.B.I. Agent Hartford, who is assigned to his case file and has not changed his classification for the past twelve years. (Doc. 32, p. 10-12). Plaintiff continues to investigate Hartford's potential involvement in this matter "on the state level" in an effort to properly exhaust all of his administrative remedies under 28 U.S.C. § 2675. (Doc. 32, p. 4).

Plaintiff also blames Warden Love, who continued to use the classification over Plaintiff's objections in May 2018. (Doc. 32, pp. 2-4, 8-9, 12). Plaintiff also complained to Counselor Hill, Gang Unit Officer Lynn, and Major Lawless, but they failed to investigate the matter or respond to Plaintiff's grievances from May through August 2018. *Id.* Plaintiff claims that the classification violates his due process rights under the Fourteenth Amendment and constitutes defamation under Illinois state law. (Doc. 32, p. 12).

Based on the allegations set forth in the Fifth Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

> **Count 1 –** Fourteenth Amendment due process claim against Defendants for classifying Plaintiff as a Traveler Vice Lord, placing him in a Security Threat Group, and disseminating this information via databases and other records.
>
> **Count 2 –** Illinois state law claim for defamation against Defendants for classifying Plaintiff as a Traveler Vice Lord, placing him in a Security Threat Group, and disseminating this information via various databases and other records.
>
> **Count 3 -** FTCA claim arising from Plaintiff's classification as a Traveler Vice Lord, placement in a Security Threat Group, and dissemination of this information via various databases and other records.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Fifth Amended Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**

## Discussion

Plaintiff has recharacterized the instant lawsuit as an action asserted under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. The FTCA allows "civil actions on claims against the **United States**, for **money damages** . . . for . . . personal injury or death caused by the **negligent or wrongful act or omission** of any **employee of the Government** while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (emphasis added). The United States is the only proper defendant in an FTCA action. *See* 28 U.S.C. § 2679(b); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). Accordingly, Plaintiff's FTCA claim will be dismissed with prejudice against all defendants other than the United States.

Plaintiff's claim against the United States must also be dismissed as the only federal official mentioned in connection with the claim is Agent Hartford, and the allegations against him do not support a FTCA claim. First, Hartford's alleged involvement in this matter dates back twelve

years and renders Plaintiff's related FTCA claim based on defamation time-barred.[1] (Doc. 32, p. 4). Even if the claim is not time-barred, Plaintiff discloses no efforts to exhaust his administrative remedies before bringing this suit in federal court and instead states that he is still "investigating" this agent's "potential" involvement. *See* 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a).[2] Moreover, Hartford did not make the decision to classify Plaintiff as a Traveler Vice Lord or STG member; state officials at Pinckneyville repeatedly made this decision (Doc. 32, pp. 1-23), and Plaintiff cannot proceed on an FTCA claim based on the alleged misconduct of *state* officials. 28 U.S.C. § 1346(b)(1). For these reasons, Plaintiff's FTCA claim against the United States will also be dismissed with prejudice.

In 42 U.S.C. § 1983, Congress provides an avenue to relief for individuals seeking money damages against *state* officials for constitutional deprivations. However, Plaintiff originally attempted to assert two § 1983 claims (Doc. 26 - Counts 1 and 2), which this Court dismissed at screening. (Doc. 31). Those claims remain subject to dismissal.

As this Court previously pointed out, both claims are likely time-barred. The Fourteenth Amendment due process claim in Count 1 is subject to a two-year statute of limitations applicable to § 1983 cases in Illinois. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (citations omitted). The defamation claim in Count 2 is subject to a one-year statute of limitations applicable to defamation claims arising in Illinois. *See* 735 ILCS 5-13/201. Plaintiff became aware of his allegedly false designation as a Traveler Vice Lord and STG member sometime before

---

[1] A one-year statute of limitations applies to defamation claims arising in Illinois. *See* 735 ILCS 5-13/201; *Clark v. Law Offices of Terrence Kennedy, Jr.*, 709 F. App'x 826, 829 (7th Cir. 2017); *Hukic Aurora Loan Servs.*, 588 F.3d 420, 435 (7th Cir. 2009). Plaintiff admits that he learned of the classification before 2007, and he also knew who was responsible for it. (Doc. 32, pp. 10, 18-19).

[2] Plaintiff, like any other federal tort claimant, is required to present his claim to the appropriate federal agency. *See* 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a)). Once the agency issues a denial or fails to take action on the claim, Plaintiff then has six months to file a suit. 28 U.S.C. § 2401(b).

2007 and after he was designated as such in 2005. (Doc. 26, p. 10; Doc. 32, pp. 18-19). A § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *See Brademas v. Indiana Hous. Fin. Auth.*, 354 F.3d 681, 685 (7th Cir. 2004). Plaintiff admits that he knew of the erroneous classification and who was responsible for it more than a decade before filing this action.

Plaintiff also has no cause of action under § 1983 with respect to his security classification. *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property [interests] in their classifications and prison assignments." (citing *Montanye v. Haymes*, 427 U.S. 236 (1976))). The Supreme Court has explained that a prisoner's cognizable liberty interests "will be generally limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). Here, Plaintiff has *still* not explained whether or how his classification as a Traveler Vice Lord and STG member has otherwise deprived him of a liberty interest. Thus, even under § 1983, Count 1 fails to state a claim upon which relief may be granted. The only remaining claim – defamation in Count 2 – arises under state law and remains dismissed without prejudice. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[T]he usual practice is to dismiss without prejudice state supplemental claims" when all federal claims are dismissed by the district court).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. **COUNTS 1** and **2** are **DISMISSED** with prejudice, and **COUNT 3** is **DISMISSED** without prejudice.

Plaintiff is **ADVISED** that this dismissal counts as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: 1/7/2019**

s/ STACI M. YANDLE
**U.S. District Judge**